IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **PRISON LEGAL NEWS**, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>**JAMES "J.J." JONES**, Sheriff of Knox County, Tennessee, in his official and individual capacities; **RODNEY BIVENS**, Assistant Chief Deputy of the Knox County Sheriff's Office, in his official and individual capacities; and **KNOX COUNTY, TENNESSEE**,<br><br>    *Defendants*. | Case No.: _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY DEMAND |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR DAMAGES**

COMES NOW Plaintiff Prison Legal News, a project of the Human Rights Defense Center, by and through undersigned counsel, and states as follows for its Complaint:

1. Plaintiff PRISON LEGAL NEWS ("PLN"), a project of the HUMAN RIGHTS DEFENSE CENTER ("HRDC"), brings this action to enjoin Defendants from censoring mail sent to prisoners at the Rodger D. Wilson Detention Facility, the Knox County Jail, and the Knox County Work Release Center (collectively, the "Knox County Jail" or the "Jail") from PLN and other senders, in violation of the First Amendment and the Fourteenth Amendment's Due Process Clause. Defendants have adopted and implemented written mail policies and practices prohibiting delivery of mail from Plaintiff and other senders while also depriving them of due process notice and an opportunity to

1

challenge the censorship, and denying senders equal protection as required under the U.S. Constitution.

## JURISDICTION AND VENUE

2. This action arises under the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, and additionally under 28 U.S.C. § 2201 and 2202.

3. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b)(2) because a substantial part of the events complained of occurred in this District, and because the Defendants reside in this District. Venue is also proper in the Knoxville Division of this Court, as a substantial part of the events complained of occurred in Knox County.

4. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the U.S. Constitution and the laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, as well as nominal and compensatory damages, against all Defendants.

6. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

7. Plaintiff is informed, believes, and based thereon alleges that the individual Defendants acted as described herein with the intent to injure, vex, annoy, and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

8. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against

the individual Defendants in their individual capacities and against Knox County, Tennessee.

## PARTIES

9. Plaintiff is a Washington nonprofit corporation and a nonprofit organization under 26 U.S.C. § 501(c)(3). The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. PLN publishes and distributes a monthly 72-page journal of corrections news and analysis, *Prison Legal News*, as well as certain books about the criminal justice system and legal issues affecting prisoners to prisoners, lawyers, courts, libraries, and the public throughout the country. *Prison Legal News* has been published continuously since 1990 and has thousands of subscribers nationwide at more than 2,600 correctional facilities across the country, including subscribers in all 50 states. PLN also maintains a website (www.prisonlegalnews.org) and operates an email list. Prisoners of all types, family and friends of prisoners, prisoner advocates, lawyers, and scholars are among the intended beneficiaries of PLN's activities. Prisoners account for approximately 65% of *Prison Legal News*'s subscribers. The headquarters, business office, and editorial office of HRDC and PLN are located in Lake Worth, Florida.

10. Defendant JAMES "J.J." JONES, also known as JIMMY JONES, is, and has been at all times relevant to this litigation, the Sheriff of Knox County, Tennessee. As the final policymaker for the Knox County Sheriff's Office, Defendant Jones establishes, maintains, and enforces the Knox County Jail's policies and procedures and is responsible for the Jail's operations and training and supervision of jail staff who interpret jail mail policies. Defendant Jones is the final policymaker for the Rodger D. Wilson Detention Facility, the Knox County Jail and Work Release Center and for the Knox County Sheriff's Office. Defendant James "J.J." Jones is sued in his official and individual capacities.

11. On information and belief, Defendant RODNEY BIVENS is, and has been at all times relevant to this litigation, the Assistant Chief Deputy of the Knox County Sheriff's Office. As a policymaker for the Knox County Sheriff's Office, Defendant Bivens is responsible for corrections and

3

personnel for Defendant Sheriff Jones and the Sheriff's Office. Defendant Bivens signed the jail mail policy at issue, Policy 12.2. Defendant Bivens is subject to the supervision, instruction, direction, and training of Defendant Jones and Defendant Knox County, Tennessee. Defendant Rodney Bivens is sued in his official and individual capacities.

12. Defendant KNOX COUNTY, TENNESSEE is a municipality formed under the laws of the State of Tennessee. The Knox County Sheriff's Office is a municipal agency or department of Defendant Knox County, Tennessee, and operates the Jail in Knox County, Tennessee. The official jail mail policies at issue in this case were the moving force behind the constitutional violations alleged herein. On information and belief, the Knox County Jail facilities house convicted prisoners, pretrial detainees, and federal detainees.

13. All of Defendants' acts and omissions alleged herein were taken under color of state law and within the scope of their official duties as employees and officers of Knox County and the Knox County Sheriff's Office and violated PLN's clearly established constitutional rights. Defendants Knox County and Jones established, maintained, and enforced the policies at issue in this action, which Defendant Bivens implemented and all of them continue to do so to this day.

14. All Defendants are Tennessee residents.

### FACTUAL ALLEGATIONS

A. *Prison Legal News* and the Human Rights Defense Center

15. PLN publishes and distributes a soft-cover monthly journal titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails and other detention facilities, prisoners' rights, judicial decisions, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

16. PLN has thousands of subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. PLN distributes its

monthly publication to prisoners and law librarians in more than 2,600 correctional facilities located across all 50 states, including the Federal Bureau of Prisons and the Tennessee Department of Correction. Plaintiff's publications are regularly distributed to prisoners on death row units and "supermax" prisons, including the federal Administrative Maximum Facility (also called the "ADX" or "ADMAX") at Florence, Colorado—the most secure prison in the United States, which houses many high-security federal prisoners, such as Richard Reid ("the shoe bomber"), Zacarias Moussaoui (al-Qaeda), Dzhokhar Tsarnaev (Boston Marathon bombing), Theodore Kaczynski (the Unabomber), Terry Nichols (Oklahoma City bombing), and others.

17. PLN also distributes approximately 50 different books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics.

18. PLN's purpose, as stated in HRDC's Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.

19. PLN engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights. Plaintiff's monthly journal, as described above, contains political speech and social commentary, which are at the core of First Amendment values and are entitled to the highest protection afforded by the U.S. Constitution.

20. For more than 25 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of, assisting prisoners seeking legal redress for infringements of their constitutionally guaranteed and other basic human rights. PLN's mission, if realized, has a salutary effect on public safety.

5

Case 3:15-cv-00452   Document 1   Filed 10/06/15   Page 5 of 20   PageID #: 5

21. From November 2014 to present, Defendants have refused to deliver every journal, every piece of enveloped mail, every book, and every brochure that Plaintiff has sent to detainees at the Jail. To date, the Knox County Jail has censored at least one-hundred and forty-seven (147) items of mail sent by Plaintiff to individually addressed prisoners.

**B.     Censorship, Equal Protection and Lack of Due Process**

22. Defendants' unconstitutional mail policy, practices, and customs are ongoing, continue to violate PLN's rights, and were and are the moving force behind the injuries Plaintiff suffered as a direct result of the constitutional violations. As such, PLN has no adequate remedy at law.

23. Due to Defendants' actions, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of Plaintiff's speech; the impediment of Plaintiff's ability to disseminate its political message; frustration of Plaintiff's non-profit organizational mission; the diversion of Plaintiff's resources; the loss of potential subscribers and customers; and the inability to recruit new subscribers and supporters, among other damages.

24. The accommodation of the free speech, expression, equal protection, and due process rights of Plaintiff with respect to written speech protected by the Constitution will not have any significant impact on the Jail, its staff, or prisoners.

25. Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with reckless indifference to PLN's rights.

26. Defendants, and other agents of the Jail, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure PLN.

27. PLN is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications and correspondence from plaintiff and other senders without any

legal justification, and prohibiting Defendants from censoring mail without due process of law.

## Censorship of *Prison Legal News*

28. From November 2014 to the present, Plaintiff sent individually addressed copies of its eponymous journal to prisoners at the Knox County Jail on at least one-hundred and eleven (111) occasions via U.S. Mail. Defendants and their agents failed to deliver the journal to the prisoner-addressees, and did not provide any notice to Plaintiff of the censorship and/or the reason, if any, for the censorship. Defendants also failed to provide PLN with the means or opportunity to appeal the censorship.

29. On information and belief, Defendants allow periodical publications other than *Prison Legal News* to be delivered to prisoners at the Knox County Jail.

30. Plaintiff will continue to mail copies of *Prison Legal News* to subscribers at the Jail.

31. There is no legitimate penological reason for censorship of PLN's monthly journal.

## Censorship of Books

32. PLN is also a book publisher and distributor, specializing in books and materials regarding prisoners' rights and issues related to the criminal justice and corrections systems. PLN distributes approximately 50 softcover legal and self-help books, some published by Plaintiff and some by other publishers. For some of the books published by others, PLN is the publisher's exclusive distributor and the books are not available through any other source. These books foster in readers a better understanding of criminal justice policies and allow prisoners to educate themselves about related, practical issues, such as legal research, writing business or employment-related letters, health care, and similar topics.

33. Defendants' jail mail restrictions have effectively prevented PLN from sending books, such as *The Habeas Citebook: Ineffective Assistance of Counsel* (ISBN 978-0981938516) ("*The Habeas Citebook*"), a paperback publication by Brandon Sample. *The Habeas Citebook* assists prisoners with the procedural and substantive complexities of federal *habeas corpus* litigation and ineffective assistance

of counsel claims. *The Habeas Citebook* is regularly delivered to prisoners across the country, including prisoners housed at the Federal Correctional Institution in Memphis, Tennessee, and county jails across the nation.

34. On information and belief, Defendants have failed and refused to deliver individually addressed copies of *The Habeas Citebook* to prisoners at the Jail on at least twelve (12) separate occasions since November 2014. Neither Defendants nor their employees or agents provided PLN with any due process notice or an opportunity to appeal.

35. Defendants' censorship decisions, which were made pursuant to Defendants' policy, practice, and custom, deprive prisoners of valuable information they need to navigate the legal system, understand their constitutional rights, and further their education via PLN's guide to correspondence learning programs or PLN's book about effective writing skills—all of which help prisoners prepare themselves for a productive life beyond bars. Defendants' censorship also frustrates PLN's mission, interferes with its constitutional rights, is causing a diversion of resources, and other direct and consequential harms.

36. Plaintiff will continue to mail copies of *The Habeas Citebook* and other books to subscribers at the Jail.

37. There is no legitimate penological reason for censorship of *The Habeas Citebook*.

### Censorship of 2014 Fundraiser

38. Each year, PLN sends out its annual Fundraiser to all its subscribers. The 2014 Fundraiser was mailed to all PLN subscribers in November 2014, including those at the Jail.

39. On information and belief, twelve (12) individually addressed copies of PLN's 2014 Fundraiser were not delivered to prisoner subscribers at the Jail.

40. Defendants failed to provide PLN with constitutionally adequate due process notice of the censorship or a meaningful opportunity to appeal.

41. There is no legitimate penological reason for censorship of PLN's annual Fundraiser.

42. PLN will continue to mail its annual Fundraiser to subscribers imprisoned at the Jail.

### Censorship of Informational Brochure Packets

43. Since November 2014, Plaintiff has sent certain prisoners at the Knox County Jail an informational brochure packet about its organization and publications. These informational brochure packets included three one-page items: (1) a brochure about PLN with a subscription order form; (2) a PLN book list; and (3) a published books brochure. PLN sent these brochures directly to individually named prisoners, some of whom requested information about PLN and others identified by PLN as potential subscribers.

44. Plaintiff individually addressed these packets and mailed them via first-class U.S. mail by placing them in plain, white, standard No. 10 envelopes.

45. PLN's informational brochure packets do not fit on a postcard, and therefore, pursuant to Knox County's policy, practice, and custom as discussed *infra*, Defendants refused to deliver these items on twelve (12) separate occasions.

46. Defendants failed to provide Plaintiff with any due process notice or opportunity to appeal their censorship decisions.

47. There is no legitimate penological reason for censorship of PLN's informational brochure packets.

48. PLN will continue to mail its informational brochure packets to subscribers imprisoned at the Jail.

**C. Defendants' Unconstitutional Censorship Policies and Practices**

49. Defendants have a formal and informal "postcard-only" policy, which requires all incoming mail addressed to prisoners at the Knox County Jail, with the exception of legal mail, to be in the form of a "standard" postcard.

50. The Jail's written policy on inmate mail bans all "personal mail," which includes books and publications that do not fit onto a postcard.

51. Knox County Sheriff's Office Policy 12.2 (attached hereto) provides, in pertinent part:

II. Definitions

Personal Mail: All personal mail will be a standard postcard with printed postage "no physical stamps", white in color front and back and not to exceed standard measurements. Postcards will be purchased from the Commissary. All personal mail will be inspected for contraband.

. . .

Correspondence: Communication to or from inmates through postcards. . . .

III. Procedures

. . .

H. Delivery Mail. . . .

5. Inmates housed in the Special Management Units of the facility will be allowed to write and receive postcards on the same basis as inmates in the general population. . . .

K. Publications/ /Books [sic]

1. If an inmate cannot find the book they [sic] desire to read, then inmates will be allowed to have publications sent to them through the mail from the publisher while incarcerated in any Knox County Sheriff's Corrections Facilities. These publications cannot be hardback and has [sic] to meet all criteria of the facility. All such documents must be approved by the Facility Commander or his/her designee.

2. Various publications and books are available to inmates in the facility library.

3. Books may be received through the mail from private donors/sources to the Library Unit and will be coordinated by the Programs Manager under the following provisions:

　i.　No hardbacks allowed

　ii.　Dimensions of the book will be no larger than 6 inch by 9 inch

　iii.　No obscene, offensive or questionable material and/or subject matter deemed to be a security or threat issue

　iv.　Subject to approval by the mailroom and the library staff

　v.　Mailroom will keep a log of books that have been accepted and data of

          acceptance

    vi.    Only two books allowed in an inmate's possession/cell at a time

. . .

NOTE: It is understood and agreed to by the inmate, that once he/she has read the book, it will be placed in their property or they can donate the book(s) to the Knox County Sheriff's Office Correctional Facility Library Unit.

NOTE: Photo copied material from publications will be considered to be originals and not allowed. . . .

If an inmate or a group of inmates desires a certain publication that is not available in the facility library, a written request may be submitted to the Facility Commander for approval.

. . .

M. Delivery of Mail . . .

4. Inmates may only keep ten (10) postcards in their cell at any given time. All other correspondence will be removed from the housing area and placed in the inmate's property (whereupon, the property may then be released by the inmate to a family member or friend). . . .

N. Specific Restrictions . . .

2. No internet printed material will be accepted without the approval of the Facility Commander or his/her designee.

52. The policy is devoid of any due-process protections for senders, such as the requirement that the sender receive notice and a meaningful opportunity to challenge the Jail's censorship decisions.

53. Defendant Bivens signed the policy and also ensured that the policy was implemented by Jail staff persons in the course and scope of his official duties as senior leadership over the corrections operations of the Knox County Sheriff's Office.

54. The policy on books and other "publications" requires the approval of a high-ranking officer within the Knox County Sheriff's Office, a requirement not applicable to other kinds of mail, such as postcards. Moreover, under the policy, *prisoners*—not publishers—must directly request permission to receive a certain book or "publication" from the facility's commander (or designee), but the policy contains no mechanism for *publishers* to mail items directly to prisoners.

11

55. Additionally, the policy provides no procedure or guidance by which prisoners may request prior approval by the facility commander or designee in order to receive "publications." The policy lacks sufficient guidelines or safeguards limiting the discretion of the facility commander or designee in approving or rejecting books requested by prisoners and contains *no* approval procedure for books PLN desires to send to its prisoner-subscribers without coordinating with prisoners to seek the approval of the commander (or designee). The policy also specifically requires prisoners to surrender a book to their property or donate it to a library, rather than being able to retain a reasonable number of books, such as *The Habeas Citebook*, for ongoing use as a legal reference book or for educational purposes. Consequently, the policy on books frustrates PLN's mission and causes it harm by prohibiting books mailed by the publisher directly to prisoners, such as *The Habeas Citebook*, without specific, prior application by a prisoner and approval by the facility commander or designee—through a procedure that is not described in the policy. The policy further restricts delivery of books to prisoners unless they are sent from private donors/sources to the Library Unit, and even then, subject to a very narrow size restriction of 6" x 9." Such restrictive size dimensions effectively prevents the delivery of books, such as *The Habeas Citebook*, which slightly exceeds these dimensions, despite its value to prisoners seeking redress of their constitutional rights.

56. On information and belief, each of the Defendants, pursuant to policy, practice, and custom, have permitted and continue to permit other periodical publications into the Jail without following the Jail's written procedures, while refusing to admit PLN's publications containing core political speech.

57. In practice, Defendants, their employees, and agents have used Policy 12.2, the Inmate Handbook, and other policies to censor, reject, refuse to deliver, and withhold PLN's monthly journal, *The Habeas Citebook* (a paperback book), PLN's Fundraiser mailing, and PLN's enveloped mail, including its brochures.

58. For example, the Jail's Inmate Handbook specifically bans all publications sent by mail to prisoners. The Inmate Handbook governing Knox County prisoners provides in pertinent part:

> 10. Publications (magazines, books, newspapers, internet material, photo copies of Publications, etc.)
>
> Publications will **not** be allowed. Various publications/magazines are available to inmates in the facility library. If an inmate or group of inmates desires a certain publication that is not available in the library, a written request may be submitted to the Facility Commander or his/her designee for approval.

(emphasis in original).

59. The Jail's website specifically states that **only** postcards will be accepted. A true and correct copy of the website is attached hereto. The website states in pertinent part:

> Inmates may receive correspondence only on a standard postcard, rectangular at least 3-1/2 inches high x 5 inches long x 0.007 inch thick no more than 4-1/4 inches high x 6 inches long x 0.016 inches thick.

**D.     Injunction Allegations**

60. On information and belief, Defendants, through their employees and agents, rejected, censored, withheld, and refused to deliver all of Plaintiff's publications, including its monthly journal, books, informational brochure packets, and enveloped mail pursuant to their mail policy, practice, and custom, and then failed to provide PLN with procedural due process. Instead of delivering these items mailed by PLN to individual prisoner-addressees, Defendants, their agents, and their employees withheld the items and prevented prisoner-addressees from accessing the censored items. The disposition of the vast majority of items PLN has mailed to prisoner-addressees at the Knox County Jail since November 2014 remains unknown to Plaintiff but known to Defendants. Defendants' conduct constitutes a pattern of violation of PLN's First and Fourteenth Amendment rights.

61. Defendants' mail policies and practices, along with Defendants' implementation of the same, have been used and are being used to censor Plaintiff's correspondence with prisoners at the Knox County Jail on matters of public concern.

13

62. PLN intends to continue sending the above-mentioned items to prisoners at the Knox County Jail, and Defendants' censorship, which violates the First and Fourteenth Amendments, is causing PLN irreparable injury by diversion of mission, violation of constitutional rights, frustration of purpose, reputational harm, loss of opportunity, and loss of subscriptions. Plaintiff continues to suffer noneconomic and pecuniary harm.

63. Defendants' actions have frustrated Plaintiff's mission of education and advocacy, including the dissemination of Plaintiff's political message, and the reporting and publishing of news regarding the human and legal rights of persons held in prisons and jails. Further, Defendants' actions have interfered with Plaintiff's ability to recruit new donors, writers, and supporters and have caused other damages to PLN.

64. Defendants' actions have violated, continue to violate, and are reasonably expected in the future to violate Plaintiff's constitutional rights.

65. PLN is entitled to injunctive relief prohibiting Defendants from refusing to deliver PLN's mail, including publications, books, and other correspondence, without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

**E.   Municipal Liability**

66. Defendants Jones and Bivens are official policymakers, who are responsible for and personally participated in the creation and implementation of these unconstitutional policies, practices, and customs, and for ratifying and adopting them. Further, Defendants are each responsible for training and supervising the mail staff and correctional officers involved in the censorship of mail, whose conduct has injured and continues to injure PLN. On information and belief, each Defendant made conscious choices not to conduct sufficient training on the First and Fourteenth Amendment requirements governing prisoner mail sent by non-prisoners. Sheriff Jones, as the ultimate decision-maker, failed to implement a constitutionally sufficient training regime and encouraged the lack of training and

supervision over correctional employees. Defendants' failure to conduct adequate training on the constitutional constraints on prisoner mail censorship, including the First Amendment and Due Process Clause, was so deficient as to be plainly insufficient and reckless, and consequently, it was a certainty that correctional officers would violate Plaintiff's and other correspondents' rights. Moreover, on information and belief, Defendants failed to conduct adequate continuing education on the constitutional requirements of their duties.

67. Defendant Bivens's oversight of employees under his command was similarly plainly insufficient and permitted widespread and systematic violations of law. Defendants failed altogether to supervise the constitutional processing of mail at the Jail's facilities, and their choice not to oversee and supervise mail employees would have prevented the violation of Plaintiff's rights.

68. Defendants Jones and Bivens were aware or should have been aware of the constitutional requirements of correspondence with publishers, and that a pattern of unconstitutional violations would occur as a result, and they nonetheless intentionally chose a training and supervision program that was so ineffective as to be absent.

69. Consequently, Defendants Jones and Bivens acted with reckless disregard for and was deliberately indifferent to PLN's constitutional rights.

70. The Jail's written policies, established, maintained, and enforced by Defendants, as well as the Jail's practice and custom of censoring PLN's mail, permitted and continues to permit correctional officers to arbitrarily and unconstitutionally restrict PLN's right to free expression by censoring mail without providing the sender with adequate notice of the rejection or any opportunity to challenge the rejection. For the vast majority of items PLN sent to prisoners at the Jail, Defendants failed even to return the rejected items to the sender, PLN.

71. Plaintiff has never received any notice from Defendants of procedures available to a sender to challenge the rejection of a book, magazine, letter, or other mail. Such lack of review procedures

15

applies to all items PLN has mailed to prisoner-addressees.

72. Punitive damages are warranted against Defendants Jones and Bivens because their conduct was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's federally protected rights, intentionally violated federal law, and involved ill-will and malice.

### CLAIMS FOR RELIEF

#### COUNT I
#### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
#### TO THE UNITED STATES CONSTITUTION:
#### UNLAWFUL CENSORSHIP OF PLAINTIFF'S MAIL TO PRISONERS
#### (42 U.S.C. § 1983)
#### (Against All Defendants)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs.

74. Plaintiff has the constitutional right to correspond with prisoners at the Knox County Jail.

75. Defendants' conduct of censoring and refusing to deliver the monthly *Prison Legal News* journal; books, such as *The Habeas Citebook*; enveloped mail; informational brochure packets; and an annual Fundraiser to addressees at the Knox County Jail violates Plaintiff's free-speech rights to communicate with the Jail's prisoners under the First and Fourteenth Amendments.

76. Additionally, Defendants' arbitrary blanket ban of all PLN's mailed materials and arbitrary size restrictions constitute impermissible content-based discrimination on speech, as Defendants' policy, on its face and as applied, arbitrarily and unlawfully treats mailed printed materials differently from other printed materials, such as publications, including books and magazines, curated for or delivered to prisoners by the Jail staff.

77. Defendants' pervasive censorship of Plaintiff's brochures, enveloped mail, books, journals, and fundraisers, beginning in about November 2014 and continuing to this day, constitutes an unlawful pattern or practice of interfering with and abridging Plaintiff's clearly established right to correspond through the mail with prisoners at the Jail.

78. Defendants' formal and informal mail policies, customs, and practices, including the "postcard-only" mail policy, are the moving force behind the violation of Plaintiff's rights.

79. Defendant's policies, on their face and as applied to Plaintiff, violate PLN's clearly established constitutional rights.

**COUNT II**
**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION:**
**FAILURE TO PROVIDE PROCEDURAL DUE PROCESS IN THE CENSORSHIP OF PLAINTIFF'S MAIL**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

80. Plaintiff realleges and incorporates by reference all preceding paragraphs.

81. Plaintiff has a liberty interest in corresponding with prisoners at the Knox County Jail by sending publications and other mail.

82. Plaintiff has the right to procedural due process prior to the deprivation of its liberty interest in communicating with prisoners at the Knox County Jail.

83. The due-process protections present in Policy 12.2 and all other policies, practices, and customs as described herein are facially unconstitutional and fail to provide PLN with notice and an opportunity to appeal.

84. By repeatedly censoring and failing to deliver the *Prison Legal News* monthly journal; books, such as *The Habeas Citebook*; Plaintiff's enveloped mail to prisoners; informational brochure packets; and annual fundraisers to prisoner-addressees at the Jail, and then failing to provide PLN with notice of the rejection and a meaningful opportunity to contest the Jail's censorship decisions, Defendants have violated and continue to violate Plaintiff's clearly established Fourteenth Amendment right to procedural due process.

85. Each of the Defendants failed and is failing to: (1) provide PLN adequate notice of the Jail's censorship decisions; and (2) provide PLN with an opportunity to appeal Defendants' censorship decisions to someone that did not participate in the initial censorship decision, for at least the following

17

pieces of mail:

    a. The *Prison Legal News* monthly journal;

    b. PLN's books, such as *The Habeas Citebook*;

    c. PLN's enveloped mail to prisoners;

    d. PLN's informational brochure packets; and

    e. PLN's fundraising packets.

86. The acts described above have caused damages to Plaintiff, and will continue to cause damage.

## COUNT III
### VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION OF THE LAW
### (42 U.S.C. § 1983)
### (Against All Defendants)

87. Plaintiff realleges and incorporates by reference all preceding paragraphs.

88. Plaintiff has the constitutional right to correspond with prisoners at the Knox County Jail and to equal protection of the law.

89. By prohibiting the delivery of Plaintiff's publications to prisoner-addressees but allowing the delivery of the publications of others who are similarly situated, Defendants have deprived and continue to deprive Plaintiff of equal protection under the law, in violation of the Fourteenth Amendment to the United States Constitution.

90. The acts described above have caused damages to Plaintiff, and will continue to cause damage.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests relief as follows:

1. Enter an order granting Plaintiff's motion for preliminary injunction, filed contemporaneously herewith, and then a permanent injunction, preventing Defendants from continuing

18

to violate the Constitution, and providing other equitable relief;

2. A declaration that Defendants' policies, practices, and customs violate the Constitution;

3. An award of nominal, punitive, compensatory, and presumed damages for each violation of Plaintiff's First Amendment rights to free speech and expression in an amount to be proved at trial;

4. An award of nominal, punitive, and compensatory damages for each violation of Plaintiff's Fourteenth Amendment rights to due process in an amount to be proved at trial by a jury;

5. Costs, including reasonable attorney's and expert fees, under 42 U.S.C. § 1988, and under other applicable law;

6. Pre-judgment and post-judgment interest;

7. The right to conform the pleadings to the proof and evidence presented at trial by jury; and

8. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Prison Legal News, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 6, 2015                    Respectfully submitted,

                                             s/ Tricia Herzfeld
                                             Tricia Herzfeld (BPR No. 26014)
                                             Elliott Ozment (BPR No. 4331)
                                             William P. York II (BPR No. 30546)[1]
                                             OZMENT LAW
                                             1214 Murfreesboro Pike
                                             Nashville, TN 37217
                                             (615) 321-8888
                                             tricia@ozmentlaw.com

---

[1] Application for admission submitted.

Gena Lewis (BPR No. 25020)
LAW OFFICE OF GENA LEWIS
400 Ellis Ave.
P.O. Box 6004
Maryville, TN 37802
(865) 268-9911
maryeugenialewis@yahoo.com

Lance Weber (Florida No. 104550)[2]
Sabarish Neelakanta (Florida No. 26623) [3]
HUMAN RIGHTS DEFENSE CENTER
PO Box 1151
Lake Worth, FL 33460
(561) 360-2523
lweber@hrdc-law.org

*Attorneys for Plaintiff Prison Legal News*

---

[2] Application for admission *pro hac vice* forthcoming.

[3] Application for admission *pro hac vice* forthcoming.