IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **PRISON LEGAL NEWS**, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>　　*Plaintiff*,<br><br>v.<br><br>**JAMES "J.J." JONES**, Sheriff of Knox County, Tennessee, in his official and individual capacities; **RODNEY BIVENS**, Assistant Chief Deputy of the Knox County Sheriff's Office, in his official and individual capacities; and **KNOX COUNTY, TENNESSEE**,<br><br>　　*Defendants*. | Case No.: _____<br><br><br><br><br><br><br><br><br><br><br><br>JURY DEMAND |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

NOW COMES Plaintiff, PRISON LEGAL NEWS, a project of the not-for-profit Human Rights Defense Center ("PLN"; or "Plaintiff"), by and through its attorneys, pursuant to Federal Rule of Civil Procedure 65, and respectfully moves this Court for a preliminary injunction enjoining Defendants from improperly censoring publications and correspondence mailed to prisoners at the Knox County Jail (hereinafter, "Jail") by Plaintiff and other senders pursuant to a postcard-only policy, publication ban, and arbitrary book size restriction. Furthermore, Plaintiff moves this Court for a preliminary injunction enjoining Defendants from improperly denying PLN due process of law. In support of this motion, Plaintiff states as follows:

Plaintiff publishes and distributes a monthly journal of corrections news and editorial content about the criminal justice system and important legal issues affecting prisoners. PLN also

distributes approximately fifty (50) legal and self-help books, including *The Habeas Citebook: Ineffective Assistance of Counsel* ("*The Habeas Citebook*"), which describes the procedural and substantive complexities of federal habeas corpus litigation with the goal of helping prisoners identify and/or litigate claims involving ineffective assistance of counsel. The core of PLN's mission is public education, advocacy and outreach to assist prisoners who seek legal redress for infringements of their constitutional and human rights.

Defendants have censored the following materials from PLN: (1) *Prison Legal News*; (2) informational brochures; (3) fundraising packets; (4) subscription renewal letters; (5) and books, namely, *The Habeas Citebook*, sent by U.S. Mail to prisoners at the Jail. Since November 2014, Defendants have censored PLN's monthly journal, books, and other correspondence on at least 147 occasions.

Defendants have also failed to provide to Plaintiff constitutionally adequate notice of their censorship of PLN's written speech as well as an opportunity to challenge Defendants' censorship decisions.

Plaintiff has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law. Injunctive relief is necessary to prevent the Defendants from continuing to interfere with Plaintiff's fundamental constitutional right to free speech and expression, equal protection, and due process of law as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

Plaintiff has been, and will continue to be, subjected to irreparable harm for which there is no adequate remedy at law unless and until this Court provides the injunctive relief requested. Plaintiff submits that all essential elements for the issuance of a preliminary injunction are present in this case: (1) a threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

(2) a substantial likelihood or probability that Plaintiff will prevail on the merits; (3) the threatened injury to Plaintiff outweighs any threat of harm to the Defendants; and (4) granting the preliminary injunction will not disserve the public interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary injunction enjoining Defendants from unconstitutionally censoring Plaintiff's and other senders' mail, and ordering Defendants to provide all senders of censored mail with constitutionally adequate due process notice and an opportunity to challenge Defendants' censorship decisions.

Dated: October 6, 2015

Respectfully submitted,

s/Tricia Herzfeld
Tricia Herzfeld (BPR No. 26014)
Elliott Ozment (BPR No. 4331)
William Patrick York II (BPR No. 30546)[1]
OZMENT LAW
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888 (office)
(615) 321-5230 (fax)
tricia@ozmentlaw.com

Gena Lewis (BPR No. 025020)
LAW OFFICE OF GENA LEWIS
400 Ellis Ave.
P.O. Box 6004
Maryville, TN 37802
(865) 268-9911 (office)
(865) 978-6605
maryeugenialewis@yahoo.com

Lance Weber (Florida No. 104550)[2]
Sabarish Neelakanta (Florida No. 26623)[3]
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151

---

[1] Application for admission submitted.
[2] Application for admission *pro hac vice* forthcoming.
[3] Application for admission *pro hac vice* forthcoming.

Lake Worth, FL 33460
(561) 360-2523
lweber@hrdc-law.org

*Attorneys for Plaintiff PLN*

## **CERTIFICATE OF SERVICE**

I, Tricia R. Herzfeld, one of Plaintiff's attorneys, certify that I caused a copy of the foregoing document to be served by operation of U.S. Mail upon the following attorneys on Tuesday, October 6, 2015:

Richard Armstrong
Law Director
Knox County, Tennessee
400 Main St., Ste. 612
Knoxville, TN 37902

Respectfully submitted,

s/Tricia Herzfeld
Tricia Herzfeld (BPR No. 26014)

*One of Plaintiff's Attorneys*