# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, | )<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| v. | ) No. 3:15-CV-452-TAV-CCS |
| | ) |
| JAMES "J.J." JONES, Sheriff of Knox County, Tennessee, in his official and individual capacities; RODNEY BIVENS, Assistant Chief Deputy of the Knox County Sheriff's Office, in his official and individual capacities; and KNOX COUNTY, TENNESSEE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Counter-Plaintiffs. | ) |

## AMENDED AND RESTATED ANSWER

Come now the Defendants, Knox County, Tennessee ("Knox County")[1] and James J.J. Jones and Rodney Bivens, in their individual capacity, by and through the undersigned counsel and with the Plaintiff's consent pursuant to F.R.Civ.P. Rule 15(a)(2), and withdraw their counterclaim, and amend and restate their Answer [Doc. 25] as follows:

---

[1] It is well established that "an official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Consequently, an action against a municipal or county officer in an official capacity under 42 U.S.C. § 1983 is treated as an action against the governmental entity. *Campbell v. Anderson County*, 695 F. Supp.2d 764, 770 (E.D.Tn. 2010) (citing *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)).

## AMENDED AND RESTATED ANSWER

### I. *KNOX COUNTY'S ADMISSION OF LIABILITY*

Knox County, individually and collectively with its official policy-makers Sheriff J. J. Jones and Chief Rodney Bivens in their official capacity, believe that electronic communication systems are the way of the future for correctional facilities. Having successfully implemented a revolutionary system that allows inmates to communicate with the outside world by e-mail and by video conferencing, Knox County set out to increase the capabilities of the system by adding books, periodicals and other written materials to a server, as well as legal research, and allowing inmates to access these materials on kiosks in the common areas and privately on tablets in their cells. At all times the goals of Sheriff Jones and Chief Bivens in implementing this system were to eliminate the risk of smuggling of contraband and to preserve and enhance the safety and security of the inmates and staff, while facilitating communication by members of the public with inmates. Prison Legal News (PLN) never contacted Knox County before bringing suit, and Knox County was unaware of the nationwide litigation brought by the Plaintiff in other jurisdictions.

Knox County admits that it implemented a post-card only inmate mail policy before successfully completing the improvements necessary to make Plaintiff's materials available to all of its inmates electronically. Knox County attempted in good faith to complete the transition to electronic communications after suit was brought, but ran into supply difficulties ordering enough tablets for each inmate, and technical difficulties connecting sufficient tablets to Wi-Fi throughout the facility.

Knox County has reviewed the nationwide litigation brought by PLN in other jurisdictions. Pursuant to these authorities, Knox County elects not to dispute that it is liable to

the Plaintiff under 42 U.S.C. §§ 1983 and 1988 for the implementation of its post-card only policy before successfully completing the improvements necessary to make Plaintiff's materials available to all of its inmates electronically. When it became apparent that the technical difficulties in fully implementing the electronic communications system could not be overcome promptly, Knox County returned to the practice of allowing paper publications, and thereafter amended and revised its written policies to allow Plaintiff's publications in paper form to be mailed to and delivered directly to inmates. A copy of the current policy is attached and incorporated herein.

With respect to Plaintiff's due process claim, Knox County advised the inmates that Plaintiff's materials were received and had been placed in the inmates' property boxes, but Knox County admits that it did not inform PLN that its mail had not been delivered directly to the inmates. Knox County elects not to dispute that it is liable to the Plaintiff under 42 U.S.C. §§ 1983 and 1988 for failing to inform Plaintiff that its mail had not been delivered directly to the inmates. Knox County also amended and revised its written policies to provide notice to the sender of any decision censoring publications, an opportunity to be heard, and for administrative and judicial review under the Tennessee Administrative Procedures Act. A copy of the current policy is attached and incorporated herein.

Sheriff J. J. Jones and Chief Rodney Bivens aver that they are not liable in their individual capacity for adopting the aforementioned written policies in an effort to establish a modern electronic inmate communications system for Knox County, *See e.g. Harvey v. Campbell County*, 453 Fed. Appx. 557, 562-563 (6th Cir. 2011); and that, in any event, they are entitled to qualified immunity.

## II

In answer to the specific factual allegations of the Complaint, as set forth in numbered paragraphs, Defendants respond as follows:

1. In response to Paragraph 1 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief. All other allegations of Paragraph 1 are denied.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 of the Complaint is denied.

8. In response to Paragraph 8 of the Complaint, it is denied that Plaintiff is entitled to any relief against the individual defendants.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and consequently, such allegations are denied.

10. In response to Paragraph 10 of the Complaint, it is admitted that Sheriff Jones is a final policy-maker for Knox County but Defendants assert that Sheriff Jones is improperly sued in his individual capacity. Any remaining allegations of Paragraph 10 are denied except to the extent stated in Section I, Admission of Liability, which is adopted and incorporated herein.

11. In response to Paragraph 11 of the Complaint, it is admitted that Chief Bivens is a policy-maker for Knox County and is subject to the supervision and direction of Sheriff Jones, but Defendants assert that Chief Bivens is improperly sued in his individual capacity. It is admitted that Chief Bivens in his official capacity signed the jail mail policy, Policy 12.2. Any remaining allegations of Paragraph 11 are denied except to the extent stated in Section I, Admission of Liability, which is adopted and incorporated herein.

12. In response to Paragraph 12 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 12 are denied.

13. In response to Paragraph 13 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. It is admitted that Knox County established, maintained, and enforced the policies at issue in this action through the actions of Sheriff Jones and Chief Bivens in their official capacities. It is admitted that all of Defendants' actions were taken under color of state law and that all of the individual Defendants' actions were taken within the scope of their official duties as employees and officers of Knox County. It is averred that all of these actions were taken in the Defendants' official capacity, and denied that actions or omissions taken in their individual capacity violated the Plaintiff's rights. All other allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are admitted.

15. The allegations of Paragraph 15 are admitted.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and consequently, such allegations are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and consequently, such allegations are denied.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and consequently, such allegations are denied.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and consequently, such allegations are denied.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and consequently, such allegations are denied.

21. In response to Paragraph 21 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 21 are denied.

22. In response to Paragraph 22 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 22 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

23. In response to Paragraph 23 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 23 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

24. In response to Paragraph 24 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 24 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

25. In response to Paragraph 25 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 25 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

26. In response to Paragraph 26 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 26 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

27. The allegations of Paragraph 27 of the Complaint are denied.

28. In response to Paragraph 28 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 28 are denied, except that Defendants do not dispute that before adopting the current policies, there were one-hundred and eleven (111) mailings not delivered directly to inmates. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

29. The allegations of Paragraph 29 of the Complaint are admitted.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and consequently, such allegations are denied.

31. In response to Paragraph 31 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 31 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

32. In response to the allegations of Paragraph 32 of the Complaint, it is admitted only that Plaintiff publishes certain materials. Defendants are without knowledge or information sufficient to form a belief as to the truth of the universe of materials published by Plaintiff, and consequently, the remaining allegations of Paragraph 32 of the Complaint are denied.

33. In response to Paragraph 33 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 33 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

34. In response to Paragraph 34 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 34 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

35. In response to Paragraph 35 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 35 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and consequently, such allegations are denied.

37. In response to Paragraph 37 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 37 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

38. In response to the allegations of Paragraph 38 of the Complaint, it is admitted only that Plaintiff publishes certain materials. Defendants are without knowledge or information sufficient to form a belief as to the truth of the universe of materials published by Plaintiff, and consequently, the remaining allegations of Paragraph 38 of the Complaint are denied.

39. Defendants do not dispute the allegations of Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 40 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

41. In response to Paragraph 41 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 41 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and consequently, such allegations are denied.

43. In response to the allegations of Paragraph 43 of the Complaint, it is admitted only that Plaintiff publishes certain materials. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the universe of materials published by Plaintiff, and consequently, the remaining allegations of Paragraph 43 of the Complaint are denied.

44. Defendants do not dispute the allegations of Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 45 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

46. In response to Paragraph 46 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 46 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

47. In response to Paragraph 47 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 47 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and consequently, such allegations are denied.

49. In response to Paragraph 49 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 49 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

50. In response to Paragraph 50 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 50 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

51. In response to Paragraph 51 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 51 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

52. In response to Paragraph 52 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 52 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

53. Referring to each of the policies and amended policies adopted during the relevant time, the allegations of Paragraph 53 of the Complaint are admitted.

54. In response to Paragraph 54 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 54 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

55. In response to Paragraph 55 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 55 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

56. In response to Paragraph 56 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 56 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

57. In response to Paragraph 57 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 57 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

58. In response to Paragraph 58 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 58 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

59. In response to Paragraph 59 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraph 59 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

60. In response to Paragraphs 60 through 65 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraphs 60 through 65 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

61. In response to Paragraphs 66 through 71 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraphs 66 through 71

are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

62. In response to Paragraphs 73 through 79 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraphs 73 through 79 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

63. In response to Paragraphs 80 through 86 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraphs 80 through 86 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

64. In response to Paragraphs 87 through 90 of the Complaint, Defendants adopt and incorporate Section I, Admission of Liability. All other allegations of Paragraphs 87 through 90 are denied. Knox County's revised policies fully satisfy Plaintiff's First Amendment Rights, and are not depriving Plaintiff of due process. Accordingly, it is denied that Plaintiff is entitled to any injunctive relief.

65. Any factual allegations not heretofore specifically and explicitly admitted are hereby denied.

66. It is denied that Plaintiff is entitled to any award of compensatory or punitive damages against James J.J. Jones or Rodney Bivens in their individual capacity.

## III. Defenses of the Individual Defendants

1. James J.J. Jones and Rodney Bivens in their individual capacity violated none of Plaintiff's constitutional rights or any other rights and Plaintiff's Complaint against them should be dismissed for failure to state a claim upon which relief can be granted.

2. James J.J. Jones and Rodney Bivens in their individual capacity are immune by virtue of the doctrines of qualified immunity, qualified good faith immunity, and under the GTLA as the same may apply to the facts and circumstances herein.

3. Pursuant to Tenn. Code Ann. § 29-20-310(b), James J.J. Jones and Rodney Bivens in their individual capacity are immune from suit for any state law claims.

4. Pursuant to Tenn. Code Ann. § 29-20-310(c), no claim can be brought against James J.J. Jones and Rodney Bivens in their individual capacity for any state law claims in excess of the amounts established for governmental entities in Tenn. Code Ann. § 29-20-403.

5. Plaintiff is not entitled to recover any damages against James J.J. Jones and Rodney Bivens in their individual capacity in any amount, or for attorney's fees, expert fees, or other costs in this action.

WHEREFORE, Knox County adopts and incorporates Section I, Admission of Liability, and moves the Court to set this matter for hearing solely on the issue of Plaintiff's compensatory damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988. James J.J. Jones and Rodney Bivens in their individual capacity deny liability and move to dismiss Plaintiffs claims for the reasons stated herein.

s/David S. Wigler  
David S. Wigler (TN BPR # 014525)  
Deputy Knox County Law Director  
Suite 612, City-County Building  
400 Main Street  
Knoxville, TN 37902  
(865) 215-2327  
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/David S. Wigler  
David S. Wigler (TN BPR # 014525)