# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:15-CV-452-TAV-CCS |
| JAMES "J.J." JONES, Sheriff of Knox County, Tennessee, in his official and individual capacities; RODNEY BIVENS, Assistant Chief Deputy of the Knox County Sheriff's Office, in his official and individual capacities; and KNOX COUNTY, TENNESSEE, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Come the parties, and file this Joint Status Report:

1. No modification of the discovery deadline is requested.

2. The parties do not believe oral argument is necessary. Defendants do not believe that oral argument on the pending dispositive motions is necessary. [Docs. 49, 58].

3. Plaintiff's position is that the parties have settled the issue of liability and damages, so the only remaining issues are to the appropriateness of a permanent injunction and attorney's fees, which are issues for the court to decide and not a jury. Defendants believe that the parties are unable to consider the need for other pretrial motions such as motions in limine until the Court addresses the current pending dispositive motions. [Docs. 49, 58].

4. Plaintiff believes that this issue should no longer be set for a jury trial as all issues of fact have been resolved. Defendants believe that a trial on the factual issues, necessary to decide Plaintiff's claim for injunctive relief, would last 1-2 days. Plaintiff demanded a jury trial in the Complaint. Knox County asserts that if its summary judgment motion [Doc. 58] is denied, it is entitled to a jury trial on any issues of fact, including the question whether Knox County's "self-correction" was "genuine." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 980-82 (6th Cir. 2012).

5. Plaintiff believes the possibility of settlement at this time is poor. The Defendants believe that since the Court has denied Knox County's motions to compel a judicial settlement conference [Doc. 65], and for the reasons stated in the Court's Order, the possibility of settlement at this time is poor.

6. There are no additional matters to be brought before the Court at this time.

Respectfully submitted this 31th day of October, 2017.

s/Tricia Herzfeld
Tricia Herzfeld
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Ave, Suite 200
Nashville, TN 37203
(615) 254-8801
triciah@bsjfirm.com

**s/** Sabarish Neelakanta
Sabarish Neelakanta
HUMAN RIGHTS DEFENSE CENTER

P.O. Box 1151
Lake Worth, FL 33460


s/David S. Wigler
David S. Wigler (TN BPR # 014525)
Deputy Knox County Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

3